IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GUILLERMO RUIZ,

    Plaintiff,

  v.                                                                                        No. CIV 10-0680 JP/LAM

S.A. RENE CAMACHO, ET AL.,

    Defendants.

MEMORANDUM OPINION AND ORDER

        This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), on Plaintiff's Notice of Claim and supplements thereto (Docs. 6, 9), construed together as a civil rights complaint under 42 U.S.C. § 1983. Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The filing fee for this complaint is $350.00. Plaintiff is required to pay the full amount of the filing fee pursuant to § 1915(b)(1). Based on information in Plaintiff's filings, the Court will grant Plaintiff leave to proceed IFP and waive the initial partial payment pursuant to § 1915(b)(1). For the reasons below, the Court will dismiss the complaint.

        The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim

to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint names a number of Defendants and asserts claims for violations of Plaintiff's constitutional protections during state criminal proceedings.  Plaintiff alleges that certain Defendants illegally prosecuted him under state law instead of federal law, and indicted him for other offenses without probable cause.  His defense attorneys failed to obtain necessary discovery or otherwise zealously represent him, and for years ignored his requests for information.  Plaintiff also alleges that certain Defendants have tampered with his mail.  He seeks damages and equitable relief.

No relief is available on Plaintiff's allegations against state prosecutors in his criminal proceedings.  In *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), the Supreme Court held that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."  This immunity likewise covers a prosecutor's decision not to prosecute. *See Dohaish v. Tooley*, 670 F.2d 934, 938 (10th Cir. 1982); *Meade v. Grubbs*, 841 F.2d 1512, 1531-33 (10th Cir. 1988).  The Court will dismiss Plaintiff's claims against state prosecutors.

Plaintiff's allegations likewise fail to state claims against his defense attorneys on which relief can be granted.  A complaint under § 1983 must allege facts demonstrating the two elements of the statute: that a federal right was violated and the deprivation was caused by a person acting "under color of state law." *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Houston v. Reich*, 932 F.2d 883, 890 (10th Cir. 1991).  In the absence of a factual basis for either element a complaint does not state a claim under § 1983. *See, e.g., Baker v. McCollan*, 443 U.S. 137, 140 (1979) (stating that a civil rights complaint must allege a violation of a federally protected right); *Polk County v. Dodson*, 454

U.S. 312, 316 (1981) (noting that plaintiff must allege violation was committed by person acting "under color of state law"). Case law is clear that neither a private attorney nor a public defender undertaking a defense acts under color of state law for purposes of § 1983. *See Goetz v. Windsor Cent. Sch. Dist.*, 593 F. Supp. 526, 528 (N.D.N.Y. 1984), *quoted with approval in Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005); *and see Polk County*, 454 U.S. at 325; *Harris v. Champion*, 51 F.3d 901, 909-10 (10th Cir. 1995). Plaintiff's claims against his defense attorneys will be dismissed.

In Plaintiff's second Notice of Claim (Doc. 1, p. 3), he asserts a claim under the Fourth Amendment for mail tampering against certain officials of the New Mexico Twelfth Judicial District Court for Otero County, New Mexico. He alleges that some of his mail was being "rerouted directly to my attorneys office." This allegation does not state a claim under § 1983. First, it defies logic to accuse Defendants of unreasonably searching or seizing mail that was addressed to them. Nor were court staff tampering with mail: Plaintiff was represented by counsel, and his pro se correspondences to the court were simply being forwarded to his attorney. *Cf.* 18 U.S.C. § 1702 (prohibiting taking mail "before it has been delivered"); § 1703(b) (prohibiting opening or destroying "mail . . . not directed to him"). The Court will dismiss Plaintiff's complaint.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed under 28 U.S.C. § 1915 is GRANTED, and the initial partial payment toward the filing fee is WAIVED;

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED with prejudice, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE